# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

DONOVAN MITCHELL JOHNSON,     )
    )
    Plaintiff,     )
    )
v.     )     No.     2:24-CV-30-KAC-CRW
    )
MATTHEW PATTERSON and COREY     )
PERKINS,     )
    )
    Defendants.     )

## ORDER

Plaintiff, an inmate formerly incarcerated in the Carter County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of incidents during his incarceration at the Carter County Jail [Doc. 1]. That pro se complaint is now before the Court. For the reasons set forth below, Plaintiff will have **fifteen (15) days from the date of entry of this Order to file an amended complaint in the manner set forth below**.

In his Complaint, Plaintiff first sets forth a claim arising out of Defendant Patterson's alleged denials of his requests for a religious diet [Doc. 2 at 3-4]. Then, he sets forth a claim arising out of Defendant Perkins's alleged use of excessive force against him [*Id.* at 5]. However, these claims are not properly joined under Federal Rule of Civil Procedure 20(a)(2) because they arise out of unrelated incidents and are against different Defendants.

Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a), Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

20(a)(2). Thus, Rule 20 does not permit a plaintiff to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4-5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)) (collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

To address this issue, the Court gives Plaintiff **fifteen (15) days** from the date of entry of this Order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint . . . ."). The Court will only address the merits of claims that relate back to Plaintiff's original complaint under Federal Rule of Civil Procedure Rule 15. Therefore, Plaintiff **SHALL NOT** attempt to set forth any claim in his amended complaint that was not set forth in his original complaint or does not otherwise relate back under Rule 15. The Court will **DISMISS** any claim that does not qualify. **If the amended complaint includes any claims that are not properly joined under Rule 20(a)(2) and Rule 18(a), the Court will**

presume that Plaintiff intends to proceed only on his first listed claim, and the Court will

DISMISS any other misjoined claims without prejudice.

Accordingly, for the reasons set forth above:

1. Plaintiff **SHALL** file an amended complaint in the manner set forth above within **fifteen (15) days** from the date of entry of this Order;

2. Any amended complaint will completely replace the previous complaint;

3. If Plaintiff fails to timely comply with this Order, the Court will **DISMISS** this action for failure to prosecute and failure to follow the orders of this Court; and

4. Plaintiff **SHALL** immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

 s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge