# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | | |
|---|---|---|---|
| DONOVAN MITCHELL JOHNSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 2:24-CV-30-KAC-CRW |
| | ) | | |
| MATTHEW PATTERSON, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM AND ORDER

Plaintiff Donovan Mitchell Johnson, a Virginia prisoner previously housed in the Carter County Jail, filed an amended pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 10]. He alleges that while he was confined in the Carter County Jail, Defendant Matthew Patterson refused Plaintiff's request for a kosher diet [Doc. 10]. The Court **DISMISSES** this action because the Amended Complaint fails to state a claim upon which relief may be granted.

**I.      STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Amended Complaint under the Prison Litigation Reform Act (PLRA) and *sua sponte* dismiss any claim that is frivolous or malicious, fail to state a claim for relief, or is against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language

tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470-71. Thus, to survive initial PLRA review, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. AMENDED COMPLAINT ALLEGATIONS

According to the Amended Complaint, Plaintiff requested a kosher diet due his "religious preferences which is Judaism" [Doc. 10 at 3]. Defendant denied that request "due to budget and also his opinion that a kosher diet was not fit for [Plaintiff]" but stated that Plaintiff could have a no pork diet [*Id.* at 3-4]. Defendant also told Plaintiff that he denied the request for a kosher diet because of items that Plaintiff recently purchased from commissary that were inferably[1] not kosher [*Id.* at 4]. Plaintiff then filed grievances [*Id.*]. Plaintiff sued Defendant and seeks injunctive relief and compensatory damages for violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") [*Id.* at 1, 3-5].

---

[1] The Amended Complaint does not expressly state that the items Plaintiff purchased at the commissary were not kosher. But that is the only reasonably inference. And if the items Plaintiff purchased were kosher, given Plaintiff's familiarity with a kosher diet and provision of such in prison, [*see* Doc. 1 at 4], Plaintiff would have stated that in his complaint, *see Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (noting that "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist" (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976))).

### III.  ANALYSIS

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right.  42 U.S.C. § 1983.  A prisoner does not lose his First Amendment rights.  Rather, he retains those rights that "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Barhite v. Caruso*, 377 Fed. App'x 508, 510 (6th Cir. 2010).  Where a prison regulation "place[s] a substantial burden on the observation of a central religious belief or practice," it is valid only if "a compelling government interest justifies the burden."  *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).

Under RLUIPA, a prisoner also has the right to free exercise.  The government cannot substantially burden a prisoner's exercise of his religion without a "'compelling government interest'" and, even then, must do so in a manner that furthers the government's interest in the "least restrictive means" possible.  *Barhite*, 377 Fed. App'x at 511 (quoting 42 U.S.C. § 2000cc(1)-(2)).  An act substantially burdens a prisoner's exercise if it "force[s] an individual to choose between 'following the precepts of [his] religion and forfeiting benefits'" or if the act "placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  *Barhite,* 377 Fed. App'x at 511 (quoting *Living Water Church of God v. Charter Twp. of Meridian,* 258 Fed. App'x 729, 734 (6th Cir. 2007)).

But where a prisoner engages in "obvious actions in not observing the kosher food requirements outside meals, [a jail official] had a legitimate penological interest in" denying the prisoner a kosher diet.  *Russell v. Wilkinson*, 79 F. App'x 175, 177 (6th Cir. 2003).  In those unique circumstances, the denial of a kosher meal does not violate the prisoner's rights under the First Amendment or RLUIPA.  *See id.*; *see also Berryman v. Granholm*, 343 Fed. App'x 1, 5 (6th Cir.

3

2009) (concluding that where the record showed the plaintiff ordered and signed for non-kosher food, the denial of his kosher diet did not violate the First Amendment or the RLUIPA).

Here, Defendant denied Plaintiff's request for a kosher diet because Plaintiff had previously and recently purchased non-kosher food from the commissary. As such, under the law, Defendant did not violate Plaintiff's rights under the First Amendment or RLUIPA. *See Russell*, 79 F. App'x at 177; *Berryman*, 343 Fed. App'x at 5. Accordingly, the Amended Complaint fails to state a plausible Section 1983 claim. And the Court **DISMISSES** this action.

### IV. CONCLUSION

For the above reasons, even liberally construing the Amended Complaint, it fails to state a claim upon which relief may be granted under Section 1983. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge